# Claysville Borough School District *v.* Anderson, Appellant.

*Statute—Construction—School law—Annexation of territory—Act of April* 22, 1858, *P. L.* 472.

It was the legislative purpose of the special Act of April 22, 1858, P. L. 472, relating to the annexation of certain territory to the Claysville borough school district, to include in the attached territory, at least all of the land in subdistrict No. 1, of Donegal township, Washington county, lying between the Dennison farm and the McConahey farm.

Argued April 20, 1908. Appeal, No. 7, April T., 1908, by defendants, from judgment of C. P. Washington Co., Aug. T., 1906, No. 131, for plaintiff on case tried by the court without

16    SCHOOL DISTRICT *v.* ANDERSON, Appellant.

Statement of Facts—Opinion of the Court. [37 Pa. Superior Ct.

a jury in suit of Claysville Borough School District v. Estate of Thomas Anderson, deceased, W. H. Anderson, Benjamin Anderson and Catherine B. Anderson. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur tax lien. Before McILVAINE, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff.

*R. W. Knox,* for appellants.

*Albert S. Sprowls,* with him *B. B. Barr,* for appellee.

OPINION BY HENDERSON, J., July 15, 1908:

The conclusion reached in School District, etc., v. John E. Worrell, in which case an opinion was this day filed, is decisive of this case. The only point now presented which was not involved in that case is the claim of the appellants that they are relieved from the payment of school tax because the dwelling house on the farm owned by them is not within the territory described in the special act of 1858. We are unable to agree with the appellants' view of this phase of the subject. It is true that the description of the attached territory as set forth in the act is somewhat indefinite, but taking the title and the enacting clause into view, we have no doubt that it was the legislative purpose to include in the attached territory at least all of the land in the sub-district lying between the Dennison farm and the McConahey farm, and the land of the appellants is within these limits. The north and south line established by one of the defendant's witnesses was an arbitrary line not called for by the language of the act and not consistent with the object of the legislature as indicated by the whole statute. It is more reasonable to hold that the east line of the Dennison farm was to form part of the west line of the annexed territory, if indeed that farm was not included, and in either view the whole of the Anderson farm is embraced in the description. Moreover, the parties in interest so interpreted the act. The

appellants are heirs of Thomas Anderson, who owned the farm and who understood that it was included in the territory described. So also did his son, Benjamin Anderson, one of the appellants who resided on the farm and was twice elected a school director in the district and was also its treasurer. The statute was passed at the solicitation of residents of subdistrict No. 1. It affected their interests alone and was private in its character. The acts of the owners of the land showing the construction they put on the description of the territory to be incorporated into the new district is very persuasive that it was clear to those familiar with the locality and the conditions then existing, and after so great a lapse of time we are not to be moved to a different view of the case without more convincing evidence and reasons than have been presented.

The judgment is affirmed.